UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61133-CIV-MARRA/JOHNSON

JEAN DICE and CELAVIE DICE,
on behalf of themselves and
all others similarly situated

    Plaintiffs
vs.

WEISER SECURITY SERVICES,
INC., a foreign corporation

    Defendant.
_____/

## ORDER AND OPINION ON MOTION FOR DECERTIFICATION OF CLASS

THIS CAUSE is before the Court on Defendant's Motion For Decertification of the Class [DE 57]. The motion is fully briefed and ripe for review.

At the end of a litigious day, the parties agree that members of the current opt-in class are not similarly situated. There is no dispute that the current class does not meet the standard for certification set forth in *Anderson v. Cagle's Inc.*, 488 F.3d 935 (11th Cir. 2007) and *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).

Plaintiffs suggest that the Court has an option other than decertification. Plaintiffs advocate the creation of a single subclass of the existing class, consisting only of those who worked on the Hurricane Contingency Force.[1] Defendant argues

---

[1] Those who were hired or assigned to work the expanded hours at the retail stores of Home Depot due to the impact of Hurricanes Charlie and Florence in the fall

that the only correct legal procedure to follow if claimants are not similarly situated is to decertify the group, dismiss the opt-in plaintiffs without prejudice and continue to trial with the original representative plaintiffs on their original claims.  *Hipp*, 252 F.3d at 1218.  Defendant argues that because the Eleventh Circuit did not discuss the creation of a subclass in *Hipp*, the appropriate mechanism is decertification of the entire class.  Defendant does not assert that the Court is prohibited from creating a subclass, merely that decertification is proper the procedure pursuant to *Hipp*.  The Court in *Hipp*, however, was not faced with the issue of some, but not all, of the class being similarly situated to the named Plaintiffs.  Indeed, the *Hipp* Court acknowledged that the district court creates an opt-in class, and certifies the class, in its sound discretion.  *Hipp*, 252 F.3d at 1219.

> The Court finds it is not prohibited from creating a subclass in this case and the creation of such a subclass would best serve considerations of convenience, cost, judicial economy, and expeditious trial process.  *See, e.g., King v. Koch Foods of Mississippi, LLC*, No. 06-CV-301, 2007 WL 1098488, at *4 (S.D. Miss. Apr. 10, 2007) (in FLSA collective action, court may decertify by creating subclass) (citing *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 484 (E.D.N.Y. 2001)); *Aguilar v. Complete Landsculpture, Inc.*, 04-CV-0776, 2004 WL 2293842, at *3 (N.D. Tex. Oct. 7, 2004) ("if discovery shows that certain plaintiffs are not similarly situated due to differences in

---

of 2004.

employers, the court can decertify the class or can create subclasses"); *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 484 (E.D.N.Y. 2001) ("If, at a later point in the litigation, the Court finds that a collective action cannot accommodate the proposed individual defenses, the Court has the discretion to create subclasses or to dismantle the collective action"). Moreover, there is no evidence Weiser would suffer prejudice by the collective disposition of the issue. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion For Decertification of the Class [DE 57] is **GRANTED IN PART AND DENIED IN PART**. The motion is denied with respect to the claims of any Plaintiffs or opt-in Plaintiffs who worked on the Hurricane Contingency Force, and granted with regard to the claims of any Plaintiffs or opt-in Plaintiffs who did not work on the Hurricane Contingency Force.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of January, 2008.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record