UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61133-CIV-MARRA/JOHNSON

JEAN DICE and CELAVIE DICE,
on behalf of themselves and
all others similarly situated

      Plaintiffs

vs.

WEISER SECURITY SERVICES,
INC., a foreign corporation

      Defendant.
_____/

## ORDER AND OPINION ON MOTIONS FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Plaintiffs' Motion For Partial Summary

Judgment [DE 59] and Defendant's Cross Motion For Summary Judgment [DE 61].

These motions are fully briefed and ripe for review.

## Introduction

Plaintiffs were formerly employed by defendant, Weiser Securitiy Services, Inc.

("Defendant" or "Weiser"), as security guards.  In this action, they are seeking

recovery of unpaid overtime compensation pursuant to the Fair Labor Standards Act,

29 U.S.C. § 201 *et seq.* ("FLSA").  The action was brought as a collective action

pursuant to Section 216(b) of the FLSA and several individuals who claim to be

similarly situated to the Plaintiffs have opted-in to this action.

## Undisputed Facts

Defendant provides contract security services to its clients.  During the period relevant to the complaint, one of these clients was Home Depot.  In August and September 2004, Hurricanes Charlie and Florence struck Florida and impacted, among other areas, the south Florida region.  As a result, Weiser received a request from Home Depot for increased security services in areas affected by the hurricanes. Deposition of Branch Manager Alejandro Villazan, DE 59, Ex. A, at 9-10 ("Villazan Depo.").  Defendant did not previously have a contract to cover the Home Depot stores in these areas so the Miami-Dade branch office established a "Hurricane Contingency Detail" ("Contingency Detail" or "Contingency Force").  Villazan Depo. at 11-13.

To meet the client's needs, Weiser increased its workforce by hiring individuals to cover the expanded hours at the retail stores of Home Depot.  These individuals were hired on a temporary basis.  In addition, Defendant utilized the services of some regular full-time employees to cover the expanded hours requested by the client.  *Id.*

It is undisputed that the individuals who worked the Hurricane Contingency Detail generally worked 12-16 hour shifts, six days per week.  Furthermore, there is no dispute with respect to the method by which Weiser paid the employees on the Contingency Detail.  Weiser paid the Plaintiffs, and those similarly situated to the Plaintiffs, a single hourly rate for all hours worked, even those hours worked over 40 hours in a workweek.  Each employee assigned to the Contingency Detail signed a

Case 0:06-cv-61133-KAM   Document 78   Entered on FLSD Docket 01/29/2008   Page 3 of 12

Memorandum provided by Branch Manager Alex Villazan ("Villazan") titled, "Terms of

Employment."  DE 59, Ex. A at 25-27; Ex. B.  Each of these memoranda provided, in

pertinent part:

> Your employment & pay rate are temporary during the
> special relief coverage for Home Depot at various locations
> that were affected by Hurricanes that struck Florida.  You
> will be paid at the overtime rate of $22 per hour, the
> normal pay rate is $14.66.  These pay rates & positions will
> not be available after this special coverage is over.[1]

*Id.*  At the time these memoranda were given to the workers, Villazan explained that

the actual wage would be the higher "overtime" rate, which would be paid for all

hours worked by the Contingency Force employees.  Villazan Depo. at 26.  Therefore,

an armed security guard would not be paid $14.66 per hour for the first 40 hours in

each week, and then $22.00 per hour for any additional hours.  Rather, as Villazan

described the arrangement, "starting from hour one, they were being paid $22 an

hour."  Villazan Depo. at 30, 32-34, 47-48, *accord* DE 59, Ex. C.

Since the employees were brought from the Miami-Dade area, they were

provided with temporary lodging, which varied from hotel rooms to the use of

sleeping quarters in an RV parked in the Home Depot parking lot. They were lodged at

Weiser's expense and transported as a group to the work sites.  After Home Depot

---

[1]  The rates of $14.66 and $22.00 per hour were reflected in the memoranda signed by armed security guards.  The memoranda signed by unarmed guards reflected rates of $10.00 and $15.00 per hour.  Two additional employees on the Contingency Detail, Richard Wilkinson and Delroy Russell, were paid at rates of $16.00 and $35.00 per hour.

Page 3 of  12

went back to regularly scheduled hours, the vast majority of security guards covering the Contingency Detail were terminated.

In 2005, the Department of Labor's Wage & Hour Division ("DOL") conducted an investigation regarding Weiser's pay practices as they related to the Contingency Force.  DE 59, Ex. A at 39.  At the conclusion of the investigation, the DOL concluded as follows:

> SECTION 7 - OVERTIME:
>
> Employer found to be in violation of this section by failing to pay 59 non-exempt employees overtime at time and one-half their regular rate of pay.  These employees were hired only for this special assignment.  Employer/ employees' interviews had revealed the violations.

DE 59, Ex. E at 2.  Included among the 59 individuals found by the DOL to have been improperly paid are the following plaintiffs in this action: Jean Dice, Celavie Dice, Junior Nicholas, Jeffrey Freeman, April Simmons, Richard Wilkinson, Tabit Ebie, Fritz LeClerc, Jacob Germain, Tacvon Dickson, Denise Casseus, Piere Luis Stevenson, Orusmond Florestal, Ray moore, Kiou Henry, Delroy Russell, Maxine Wison Saunders, Everton Saunders, Nadine McDonald, Juliette Dice, Rachell Levielle, and Ashton Holmes.  DE 59, Ex. F.

In response to the DOL's findings, Weiser sent a letter dated June 1, 2005, denying it violated the FLSA.  DE 59, Ex. G.  Specifically, Weiser asserted two defenses: (1) that the regular hourly rate included a temporary bonus or premium for the employees in the emergency area and only for the period of time that the

emergency existed, and (2) that the premium payments were made in contemplation of the employees working excessive hours, and therefore, that the premiums paid are properly credited toward the overtime requirements of the FLSA.  *Id.*  The DOL rejected Weiser's arguments and recommended that the company resolve the matter by paying back wages.  DE 59, Ex. H.  Weiser refused and this suit followed.

Weiser contends that it established a premium payment under a contract with each employee involved in the Contingency Detail and that it is entitled to a credit or offset for any alleged overtime owed.  This alleged enhanced compensation package provided these employees with a "differential" rate of pay higher than that paid other new hires.  Weiser asserts that it paid these employees one and one-half times the "differential" pay rate for all hours worked over 40 in each work week.

## Standard of Review

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The court should view the evidence and any inferences that may be drawn from it in the light most favorable to the non-movant.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue

of material fact does exist.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257

(1986).

<u>Discussion</u>

<u>*Subject Matter Jurisdiction*</u>

In its cross-motion, Weiser asserts, for the first time in the course of this

litigation, that subject matter jurisdiction is lacking.  As grounds for this contention,

Weiser states that there is no evidence that either the Plaintiffs "or any other

employee of Defendant" was or is engaged in commerce and, consequently, there is

no basis to find either "enterprise coverage" or "individual coverage" under the

FLSA.  This claim is diametrically opposed to its own Answer and Affirmative

Defenses, in which Weiser admitted the following allegation set forth in Paragraph 8

of Plaintiffs' Complaint:

> Weiser is engaged in activities that relate to and involve
> interstate commerce.  Moreover, at all times material
> hereto, Weiser had annual gross sales or business in an
> amount not less than $500,00.  By reason of the foregoing,
> Weiser was and is an enterprise engaged in commerce as
> defined by § 203(r) and (s) of the FLSA.

Complaint, ¶ 8 [DE 1]; Answer and Affirmative Defenses, ¶ 8 [DE 9].  Nonetheless,

Weiser asserts it may raise this issue at this time because the defense of lack of

subject matter jurisdiction cannot be waived.  While Weiser is correct regarding the

waiver of jurisdictional defenses, its assertion that it is not engaged in commerce

involves questions question of fact.  Weiser's current assertion is in direct

contradiction to its Answer to the Complaint which admitted these facts.  Weiser may not avoid this factual admission simply by filing a motion for summary judgment asserting a position inconsistent with its own admission.  *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983) ("a party is bound by the admissions in his pleadings"); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 549 (6th Cir. 2000) ("Plaintiffs are bound by admissions in their pleadings, and a party cannot create a factual issue by subsequently filing a conflicting affidavit").  If Weiser wishes to reassert this argument, it must move to amend its Answer first.

*Violation of the FLSA as a Matter of Law?*

The FLSA requires that employees receive one and one-half times their regular rate of pay for all hours worked in excess of 40 per workweek.  *See* 29 U.S.C. § 207. In the case at bar, there is no dispute that the Plaintiffs who were part of the Hurricane Contingency Detail worked in excess of 40 hours per workweek during the relevant period.  There is likewise no dispute that these employees received the same hourly rate of pay for each hour they worked.  Consequently, Plaintiffs argue, this Court must find as a matter of law that Weiser's pay practice violated the FLSA, and that an additional half-time premium is owed for each overtime hour worked by these employees during the relevant period.  This assertion appears to be based on the premise that the rate paid for security guards employed on the Hurricane Contingency Detail was a regular (shift differential) rate.

Defendant argues that the rate paid to the Contingency Detail employees was a premium rate that took into consideration the fact that overtime hours would be worked.  Weiser contends that the regular rate should be calculated based on the rate set forth in the Agreement and that the higher rate paid to employees for the first 40 hours of the workweek should be excepted from the calculation of the regular rate.

Plaintiffs respond that as a matter of law Weiser's practice of paying the same hourly rate for all hours worked by the Contingency Detail employees violates the FLSA.  Plaintiffs assert that the Contingency Detail employees' compensation did not include any premium or bonus, but rather was merely increased by a shift differential that was part of their regular rate of pay.  This is a question of fact that must be resolved by the jury.

Several different types of pay may be excepted from the calculation of the "regular rate" under the FLSA.  These include a "premium rate paid" pursuant to the statute.  29 U.S.C. § 207(e)(5)-(7).  The statute identifies three categories of creditable premium pay: (1) compensation for excess hours, § 207(e)(5), (2) compensation for weekend and holiday work, § 207(e)(6), and (3) compensation pursuant to an agreement, § 207(e)(7).  The statute provides that extra compensation paid as described in these three categories is credible toward unpaid overtime.  *See* 29 U.S.C. § 207(h)(2); 29 C.F.R. § 778.202(a) (2004) (citing 29 U.S.C. § 207(e)(5)-(7)).  The rate may qualify as premium pay even if it is less than one and one-half times the

employee's regular rate, provided that only the extra compensation beyond the employee's regular rate is credited toward the employer's overtime obligation.  29 C.F.R. § 778.202(a) (2004)

Plaintiffs argue that the FLSA does not allow an employer to circumvent the overtime requirements merely by placing labels on portions of what is, in reality, a single hourly rate paid for all hours worked.  Whether the hourly rate paid to Contingency Detail employees included a premium payment that is excepted from the regular rate of pay, or whether the arrangement was a device to contravene the statutory purposes of the FLSA, is a question of fact that is inappropriate for resolution by summary judgment.

Plaintiffs argue that because they were paid the same rate for all hours worked, Section 7(e)(5) (extra compensation provided by a premium rate paid for certain hours worked in excess of eight in a day or over 40 in a workweek) has no application.  No case law is cited to support this proposition.  Defendants, on the other hand, cite *Singer v. City of Waco*, 324 F.3d 813, 827-28 (5th Cir. 2003) where the Court viewed voluntary overtime payments as pre-payments of subsequently due overtime obligations ("we hold that the district court did not err in offsetting the overpayments paid to the fire fighters in some work periods against the shortfalls in other work periods.")  *Id*. at 828.

"When an employer pays its employees at a premium rate, the 'employer may offset certain overtime premiums against overtime compensation due under the

[FLSA].'"  *Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509, 521 (E.D. Tex. 2005).  This Circuit permits an employer to credit accumulated premium pay against incurred overtime.  *See Kohlheim v. Glyn County*, 915 F.2d 1473, 1481 (11th Cir. 1990) (holding that employer was "allowed to offset all previously paid overtime premiums").  Plaintiffs' motion for summary judgment on this issue is denied.

Plaintiffs make two other arguments for summary judgment which are rejected and merit little discussion: (1) Weiser failed to account for the lodging furnished to the contingency force employees during the relevant period in determining their regular rates of pay; and (2) the undisputed facts support an award of liquidated damages.

*Lodging*

Plaintiffs argue that in addition to regular wages, the Contingency Detail employees received non-monetary compensation in the form of housing, which must be included in calculating their regular rate of pay.  Plaintiffs cite to 29 C.F.R. § 778.116 to support this argument.  The regulation states:

> § 778.116 Payments other than cash.
>
> Where payments are made to employees in the form of goods or facilities which are regarded as part of wages, the reasonable cost to the employer or the fair value of such goods or of furnishing such facilities must be included in the regular rate. (See Part 531 of this chapter for a discussion as to the inclusion of goods and facilities in wages and the method of determining reasonable cost.) Where, for example, an employer furnishes lodging to his employees in addition to cash wages the reasonable cost or

> the fair value of the lodging (per week) must be added to
> the cash wages before the regular rate is determined.

29 C.F.R. § 778.116.  A genuine issue of material fact remains regarding the nature of the lodging provided to the Contingency Detail employees.  No undisputed evidence has been presented which demonstrates that the lodging provided was intended by the parties to be part of the wages or compensation for the security work performed.  29 C.F.R. § 531.

*Willfulness*

Plaintiffs claim entitlement to liquidated damages as a matter of law based on Defendant's lack of good faith in not complying with the FLSA.  A violation of the FLSA is "willful" if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA.  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988).  Because Plaintiffs argument for summary judgment on the issue of Defendant's violation of the FLSA in the first instance is denied, a determination on the issue of willfulness is premature.  Moreover, the issue of whether a violation of the FLSA is willful is a question for the jury.  *McGuire v. Hillsborough County*, 511 F. Supp. 2d 1211, 1218 (M.D. Fla. 2007).

For the reasons explained above, it is hereby

ORDERED AND ADJUDGED as follows:

(1)     Plaintiffs' Motion For Partial Summary Judgment [DE 59] is DENIED; and

(2)    Defendant's Cross Motion For Summary Judgment [DE 61] is DENIED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 29th day of January, 2008.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson